# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FOUNDERS INSURANCE CO., | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:17-CV-01476 (JCH) |
| v. | : | |
| CUZ DHS, LLC et al., | : | NOVEMBER 28, 2017 |
|    Defendant. | : | |

## RULING RE: MOTION TO DISMISS (Doc. No. 19)

### I.    INTRODUCTION

The plaintiff, Founders Insurance Co., filed a Complaint on September 1, 2017, seeking a declaratory judgment against the defendants, Cuz DHS, LLC ("Cuz"), Gary Cavallaro, Jeffrey Winslow, Pub 67, LLC, Craig Strilka, and Daniel DeGeorge. See Complaint ("Compl.") (Doc. No. 1). The defendants, Cuz and Gary Cavallaro, filed a Motion to Dismiss the claims against them on October 9, 2017. See Motion to Dismiss ("Mot. to Dismiss") (Doc. No. 19). Founders Insurance filed an Amended Complaint on November 2, 2017, in which it removed Gary Cavallaro as a defendant and added Gina Cavallaro in her capacity as executrix of Gary Cavallaro's estate. See Amended Complaint ("Am. Compl.") (Doc. No. 25).

For the reasons set forth below, the court terminates as moot the Motion to Dismiss with respect to Gary Cavallaro. With respect to Cuz, the court defers dismissal and, pursuant to Federal Rule of Civil Procedure 4(m), extends the time to effectuate service. Founders Insurance is hereby ordered to execute proper service of process on Cuz by December 18, 2017.

1

## II. FACTS AND PROCEDURAL BACKGROUND

On September 1, 2017, Founders Insurance filed a Complaint against the defendants, Cuz, Gary Cavallaro, Jeffrey Winslow, Pub 67, Craig Strilka, and Daniel DeGeorge. See Compl. The Complaint sought a declaratory judgment that Founders Insurance had no duty to defend or indemnify Cuz or Gary Cavallaro in the pending case before the Connecticut Superior Court, Jeffrey Winslow v. Pub 67, LLC et al. See id. at ¶ 1; Am. Compl. at ¶ 1. In that case, Jeffrey Winslow alleged that, on May 9, 2015, Cuz, doing business as Dark Horse Saloon, and Gary Cavallaro sold alcohol to Daniel DeGeorge, who became aggressive toward and injured Winslow. See Am. Compl. at ¶¶ 13, 15–18.[1] Winslow alleged, inter alia, that Cuz and Gary Cavallaro negligently prevented Winslow from avoiding interaction with DeGeorge and failed to exercise reasonable care in preventing Winslow's injuries, in supervising the conduct of the patrons, in providing adequate security, and in warning Winslow about DeGeorge's conduct. See id. at ¶¶ 19–22. Winslow sued Cuz and Gary Cavallaro for negligence and violation of Conn. Gen. Stat. § 30-102. See id. at ¶¶ 23–24.

Founders Insurance had issued an insurance policy for liquor liability to Cuz, effective from July 18, 2014, to July 18, 2015. See id. at ¶ 12. Founders Insurance alleges that the insurance policy included an "Assault and/or Battery Exclusion," providing that the insurance would not cover, inter alia, "failure to suppress or prevent assault and/or battery," "selling, serving, or furnishing alcoholic beverages with results in

---

[1] The court cites to facts in the Amended Complaint (Doc. No. 25) because it is the operative complaint. The court notes, however, that the facts cited above, as alleged in the Amended Complaint, are the same as those alleged in the original Complaint. The Amended Complaint differs only by substituting Gina Cavallaro, executrix of Gary Cavallaro's estate, as a defendant instead of Gary Cavallaro. See Am. Compl.

an assault and/or battery," or "negligent: a) Employment; b) Investigation; c) Supervision; d) Reporting to the proper authorities, or failure to report." Id. at ¶ 25. Founders Insurance seeks a declaration that the claims in the Winslow lawsuit are covered by the exclusion and, therefore, that it is not obligated to defend or indemnify Cuz or Gary Cavallaro in that lawsuit. See id. at ¶ 27.

On October 4, 2015, Cuz filed for dissolution, effective July 16, 2016—after the events at issue in the Complaint, but before the filing of the Complaint in this case. See Memorandum in Support of the Motion to Dismiss ("Mem. in Supp.") (Doc. No. 20), Ex. A.[2] Additionally, Gary Cavallaro passed away on March 16, 2017. See id. Ex. B. Gary Cavallaro had previously been the sole member of Cuz and its registered agent of service. See id. Ex. A. On September 15, 2017, a summons for defendant Gary Cavallaro was served on Gina Cavallaro, the executrix of Gary Cavallaro's estate. See Summons Returned Executed (Doc. No. 17) at 1–2. On that same date, another summons for Cuz was also served on Gina Cavallaro. See id. at 1. Summons were also returned executed for the other defendants, but are not at issue in this Motion to Dismiss. See id. at 2–3.

On October 9, 2017, defendants Gary Cavallaro and Cuz filed a Motion to Dismiss. See Mot. to Dismiss. As to the claim against Gary Cavallaro, the Motion argues that the court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because Gary Cavallaro was deceased at the time the action commenced. See Mem. in Supp. at 3. Therefore, Cavallaro's estate, not the decedent

---

[2] The defendant's Memorandum notes the filing date as October 4, 2016, see Mem. in Supp. at 2, but the date noted on the Connecticut Secretary of State's website is October 4, 2015, see Mem. in Supp. Ex. A.

3

himself, was the proper defendant in the suit.  See id.  As to the claim against Cuz, the Motion to Dismiss argues that the court lacks personal jurisdiction under Rule 12(b)(2) because service on Gina Cavallaro was insufficient.  See id. at 4–5.  Founders Insurance filed an Objection to the Motion to Dismiss on October 30, 2017.  See Objection to the Motion to Dismiss ("Obj. to Mot. to Dismiss") (Doc. No. 21).  It also filed an Amended Complaint on November 2, 2017, which replaced as a defendant Gary Cavallaro with Gina Cavallaro, the executrix of his estate.  See Am. Compl.

### III. LEGAL STANDARD

#### A. Rule 12(b)(1) Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden of proving the existence of subject matter jurisdiction by a preponderance of the evidence.  See id.

#### B. Rule 12(b)(2) Lack of Personal Jurisdiction

Under Rule 12(b)(2), "[a] civil action should be dismissed if the Court lacks personal jurisdiction over a party."  Bull Bag, LLC v. Remorques Savage, Inc., No. 3:16-CV-1735 (VLB), 2017 WL 3763836, at *2 (D. Conn. Aug. 30, 2017).  The plaintiff bears the burden to prove that the court has jurisdiction over the defendants.  See id.  In deciding a motion to dismiss under 12(b)(2), the court has "considerable procedural leeway" to decide the motion on pleadings and affidavits, to permit discovery, or to hold an evidentiary hearing.  Perez v. Conn. Dep't of Corr. Parole Div., No. 3:13-CV-150 JCH, 2013 WL 4760955, at *2 (D. Conn. Sept. 4, 2013).  If the court chooses to rely on the pleadings and affidavits, the plaintiff can survive a motion to dismiss by making in

4

good faith "legally sufficient allegations of jurisdiction" to establish a prima facie showing of jurisdiction. Bull Bag, 2017 WL 3763836, at *2; see also O'Reilly v. BJ's Wholesale Club, Inc., No. 3:16-CV-01351, 2017 WL 3032217, at *2 (D. Conn. July 17, 2017). In such cases, "[a]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." O'Reilly, 2017 WL 3032217, at *2.

"Sufficiency of service is a precondition for the court's exercise of jurisdiction over a party and, therefore constitutes an interrelated ground on which to dismiss a case for lack of personal jurisdiction pursuant to Rule 12(b)(2)." Carliell v. Am. Inv. Exch., LLC, No. 3:12-CV-1700 JCH, 2013 WL 4782133, at *2 (D. Conn. Sept. 5, 2013); see also Jackson v. State of Conn. Dep't of Pub. Health, No. 3:15-CV-750 (CSH), 2016 WL 3460304, at *8 (D. Conn. June 20, 2016) ("In the absence of proper service, a district court lacks personal jurisdiction over those defendants not properly served.").[3]

C. Rule 12(b)(5) Insufficient Service of Process

Under Rule 12(b)(5), a plaintiff's complaint is subject to dismissal if the "plaintiff fails to effect proper service upon a defendant and the defendant does not waive service of process." Stevens v. Malloy, No. 3:15-CV-934 (JCH), 2016 WL 3198203, at *3 (D. Conn. June 7, 2016). The plaintiff bears the burden of proving that service was adequate. See id. To determine whether service has been satisfied, the court is permitted to look beyond the complaint. See Neary v. Naqvi, No. 3:14-CV-001631-VLB, 2017 WL 3205471, at *6 (D. Conn. July 27, 2017). If the court finds that service was

---

[3] The defendants frame their Motion to Dismiss in terms of Rule 12(b)(2), see Mot. to Dismiss at 1, and Founders Insurance frames its Objection in terms of Rule 12(b)(5), see Obj. to Mot. to Dismiss at 3. As both turn on the sufficiency of service in this case, the analysis is the same. See, e.g., Jackson, 2016 WL 3460304, at *8–*9 (discussing Rules 12(b)(2) and 12(b)(5) together).

5

insufficient, "Rule 4(m) requires the Court to dismiss the action without prejudice against the defendant or order that service be made within a specified time." Id. However, if "plaintiff shows good cause for the failure [to timely serve process]," the court may extend the time for service. Id. (changes in original).

**IV. DISCUSSION**

   A.   Motion to Dismiss Claims Against Gary Cavallaro

The defendant Gary Cavallaro argues, pursuant to Rule 12(b)(1), that the court lacks subject matter jurisdiction over the claim against him because an action is void against a defendant who was deceased at the time the action began. See Mem. in Supp. at 3; O'Leary v. Waterbury Title Co., 166 A. 673, 676 (Conn. 1993). The defendants are correct, and Founders Insurance agrees, that the proper defendant in such a suit is the decedent's estate, not the decedent himself. See Obj. to Mot. to Dismiss at 6; Almodovar v. Praczukowski, No. CV106003628, 2010 WL 4942786, at *1 (Conn. Super. Ct. Nov. 16, 2010). In Almodovar, the court held that the plaintiff could not substitute the representative of the decedent's estate for the decedent, but that the plaintiff could refile the suit against the estate as the proper defendant. See Almodovar, 2010 WL 4942786, at *1.

In this case, Founders Insurance has not moved for substitution pursuant to Federal Rule of Civil Procedure 25, but has rather filed an Amended Complaint naming as a defendant Gina Cavallaro, as executrix of Gary Cavallaro's estate, instead of Gary Cavallaro himself. See Am. Compl. Therefore, the Amended Complaint now names the proper defendant, over which the court has subject matter jurisdiction if service is completed, and no longer improperly names the decedent. Accordingly, the Motion to Dismiss is terminated as moot.

6

B. Motion to Dismiss Claims Against Cuz DHS, LLC

The defendant Cuz argues, pursuant to Rule 12(b)(2), that the court lacks personal jurisdiction over it because service of process was inadequate. See Mem. in Supp. at 4. As noted above, a district court does not have personal jurisdiction over defendants who have not been properly served. See Jackson, 2016 WL 3460304, at *8. Cuz argues first that it was dissolved as a limited liability company, effective July 16, 2016, prior to the commencement of this case. See Mem. in Supp. at 2. Second, Cuz argues that Gina Cavallaro, on whom the summons for Cuz was served, was not its registered agent of service. See Mem. in Supp. at 5. The court first addresses whether Cuz can be properly served as a dissolved limited liability company, and then addresses whether the means of service taken in this case was proper.

A limited liability company (LLC) that has been dissolved still exists for the purpose of winding up its affairs. See Conn. Gen. Stat. § 34-267a(a) (2017). This includes the responsibility to "discharge the company's debts, obligations, and other liabilities, settle and close the company's activities and affairs, and marshal and distribute the assets of the company." See Conn. Gen. Stat. § 34-267a(b)(1)(B). Conn. Gen. Stat. § 34-267d(d) provides that, under circumstances not barred by sections 34-267c and 34-267d, actions can be brought to enforce claims against a dissolved LLC. See Conn. Gen. Stat. § 34-267d(d); PGP Grp., LLC v. LaBossiere Builders, LLC, No. CV156052082S, 2016 WL 673164, at *4 (Conn. Super. Ct. Jan. 19, 2016). The defendants do not argue that the current action against Cuz is barred by either of these sections.

Therefore, a dissolved LLC in the state of Connecticut is still subject to service of process. See Desir v. Clanton, No. CV095011887, 2010 WL 2197280, at *3 (Conn.

7

Super. Ct. Apr. 30, 2010); see also Cappello v. Mucke, No. CV 11-6021745-S, 2012 WL 527681, at *2 (Conn. Super. Ct. Jan. 25, 2012) (applying the same rule to a dissolved voluntary association because to do otherwise would permit associations to avoid liability through dissolution). Connecticut General Statutes do not prescribe a specific means for serving process upon a dissolved LLC. Cf. Cappello, 2012 WL 527681, at *2 (finding no Connecticut statutory provision addressing service of process for a dissolved voluntary association). Thus, the court looks to the rules for serving an existing LLC to determine whether service of the dissolved LLC was adequate. See Desir, 2010 WL 2197280, at *3 (holding that service was "proper and effective" when the plaintiff served the registered agent of the dissolved LLC, pursuant to Conn. Gen. Stat. § 34-105, which at the time governed service of an existing LLC).

Federal Rule of Civil Procedure 4(h) permits a corporation, partnership, or association to be served either "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h). Rule 4(e)(1), as incorporated by Rule 4(h), permits a party to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Because Cuz is an LLC, Connecticut state law provides two alternative methods for service of process. See Interior Environments, Inc. v. WA445 Assocs., LLC, No.

8

CV065003285, 2009 WL 3644739, at *3 (Conn. Super. Ct. Sept. 24, 2009) ("Specifically, because the defendant is a limited liability company, two alternatives for commencing the action were available to the plaintiff, i.e., General Statutes §§ 34-105 and 52-57(c)."); see also Altuz v. Prospect Omega, LLC, No. UWYCV126017178S, 2013 WL 2131949, at *3 (Conn. Super. Ct. Apr. 26, 2013). Conn. Gen. Stat. § 52-57(c) provides:

> In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located.

Conn. Gen. Stat. § 52-57(c) (2017). Conn. Gen. Stat. § 34-243r provides additional means of service specifically for LLCs.[4] Subsection (a) of Conn. Gen. Stat. § 34-243r allows that an LLC "may be served with any process, notice or demand required or permitted by law by serving its registered agent." Conn. Gen. Stat. § 34-243r(a) (2017). Subsection (b) provides additional means for service when a foreign LLC has appointed the Secretary of State as its agents for service of process. Conn. Gen. Stat. § 34-243r(b). Subsection (c) states:

> If a limited liability company or registered foreign limited liability company ceases to have a registered agent, or if its registered agent cannot with reasonable diligence be served, the company or foreign company may be served by registered

---

[4] Cuz cites in its Memorandum to Conn. Gen. Stat. § 34-105(a) instead. However, Conn. Gen. Stat. § 34-105 was repealed and replaced with Conn. Gen. Stat. § 34-243r, effective July 1, 2017. See 2016 Conn. Pub. Acts 16-97, § 110. As the service in question occurred on September 15, 2017, this case is governed by Conn. Gen. Stat. § 34-243r, not Conn. Gen. Stat. § 34-105.

9

> or certified mail, return receipt requested, or by similar commercial delivery service, addressed to the company or foreign company at its principal office.

Conn. Gen. Stat. § 34-243r(c). Finally, subsection (d) states:

> If process, notice or demand cannot be served on a limited liability company or registered foreign limited liability company pursuant to subsection (a) or (b) of this section, service may be made by handing a copy to the individual in charge of any regular place of business or activity of the company or foreign company if the individual served is not a plaintiff of the action.

Conn. Gen. Stat. § 34-243r(d). As this section has only been effective since July 1, 2017, no case law yet exists interpreting or applying the language of this section.

Founders Insurance acknowledges that Gina Cavallaro was not the registered agent of Cuz under subsection (a). Instead, Founders Insurance argues that subsection (d) applies here because process could not have been served pursuant to subsections (a) or (b). See Obj. to Mot. to Dismiss at 4–5. Subsection (a) was inapplicable because Gary Cavallaro, Cuz's registered agent, was deceased, and Cuz had not appointed another agent.[5] Subsection (b) was also inapplicable because Cuz was not a foreign LLC, but one incorporated in Connecticut and with its principal place of business in Connecticut. See Am. Compl. at ¶ 3. Thus, under subsection (d), service could be effectuated on "the individual in charge of any regular place of business or activity of the company or foreign company if the individual served is not a plaintiff of the action."

---

[5] Section 34-104 of the Connecticut General Statutes provides that the LLC "shall forthwith appoint another statutory agent for service" if the agent dies. Conn. Gen. Stat. § 34-104(c) (repealed effective July 1, 2017). Although Conn. Gen. Stat. § 34-104 has since been repealed, it was still effective at the date of Gary Cavallaro's death on March 16, 2017.

Conn. Gen. Stat. § 34-243r(d).[6] The court agrees with Founders Insurance's reading of the statute thus far.[7]

Founders Insurance then argues that subsection (d) permits service on Gina Cavallaro because, as the executrix of Gary Cavallaro's estate, she is now in charge of Cuz's business affairs. See Obj. to Mot. to Dismiss at 4–5. Conn. Gen. Stat. §34-267a(c) provides:

> If a dissolved limited liability company has no members, the legal representative of the last person to have been a member may wind up the activities and affairs of the company. If the person does so, the person has the powers of a sole manager under subsection (c) of section 34-255f and is deemed to be a manger for the purposes of subsection (a) of section 34-251a.

Gina Cavallaro is the legal representative of Cuz's sole, and therefore last, member. However, the statute states that such a person "may" wind up the LLC's affairs and has the powers of a sole manager "[i]f the person does so." Id. Subsection (d) of the statute further provides for the appointment of a person to wind up the LLC's affairs if the legal representative of the last member declines or fails to do so. Conn. Gen. Stat. § 34-267a(d). Therefore, treatment of Gina Cavallaro as a manager of Cuz is not automatic,

---

[6] Although Founders Insurance does not cite to it, section 52-57(c) of the Connecticut General Statutes provides similar language, permitting service on "the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located." Conn. Gen. Stat. § 52-57(c).

[7] The court notes that, while subsection (c) would have applied in this case because Cuz ceased to have a registered agent of service upon Gary Cavallaro's death, subsection (c) is not exclusive, as it provides one way in which service "may" be executed in such a case. See Conn. Gen. Stat. § 34-243r(c). Additionally, subsection (d)'s applicability is conditioned upon the unavailability of subsections (a) and (b), but not subsection (c). See Conn. Gen. Stat. § 34-243r(d). Thus, the fact that Founders Insurance could have served Cuz by registered or certified mail to its business address does not necessarily preclude service by other methods permitted by law.

but rather conditioned on whether she assumed the responsibilities of winding up Cuz's affairs.

As noted above, Founders Insurance bears the burden of proving jurisdiction under Rule 12(b)(2) and sufficient service under Rule 12(b)(5). See Bull Bag, 2017 WL 3763836, at *2; Stevens, 2016 WL 3198203, at *3. At this stage of the proceeding, Rule 12(b)(2) requires only that the plaintiff make "legally sufficient allegations" to establish a prima facie case of jurisdiction. See Bull Bag, 2017 WL 3763836, at *2. In this case, Founders Insurance has not alleged in the Amended Complaint or argued in its Objection to the Motion to Dismiss that Gina Cavallaro has undertaken any actions to indicate that she has undertaken the duty of winding up Cuz's affairs. Founders Insurance has alleged only that Gina Cavallaro is the executrix of Gary Cavallaro's estate. See Am. Compl. This fact alone does not substantiate the inference that she also accepted the duty of winding up Cuz's affairs. Thus, the court cannot find, based on the materials before the court, that Founders Insurance has raised legally sufficient allegations that Gina Cavallaro was "an individual in charge of any regular place of business or activity of" Cuz. Conn. Gen. Stat. § 34-243r(d). Service of the summons on Gina Cavallaro was therefore inadequate to establish personal jurisdiction over Cuz.

If the court finds that service was inadequate, however, it need not necessarily dismiss the complaint in all cases. See Neary, 2017 WL 3205471, at *6; Town of New Windsor v. Avery Dennison Corp., No. 10-CV-8611 CS, 2012 WL 677971, at *8 (S.D.N.Y. Mar. 1, 2012). Rule 4(m) requires that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The court finds that Founders Insurance has shown good cause here. Founders

Insurance asserts that it was not made aware of Gary Cavallaro's death until the Marshal's return of service, less than a week before the defendants filed the Motion to Dismiss. See Obj. to Mot. to Dismiss at 6. Until then, it believed that Gary Cavallaro remained Cuz's registered agent of service, as stated upon the Connecticut Secretary of State's website. See id. Had Gary Cavallaro not been deceased, Founders Insurance's attempt to serve him would have satisfied service of process as to Cuz.

Therefore, the court extends the time for Founders Insurance to exercise service on Cuz pursuant to Rule 4(m) and orders that it do so by December 18, 2017. The court notes that section 34-243r(c) of the Connecticut General Statutes provides one way for Founders Insurance to serve an LLC that ceases to have a registered agent, by "registered or certified mail, return receipt requested, or by similar commercial delivery service, addressed to the company or foreign company at its principal office." Conn. Gen. Stat. § 34-243r(c).

**V. CONCLUSION**

For the reasons stated above, as to the defendant Gary Cavallaro, the Motion to Dismiss is **TERMINATED AS MOOT**. As to the defendant Cuz, the court defers dismissing at this time and extends the time for execution of service. Founders Insurance is **ORDERED** to effectuate proper service on Cuz by December 18, 2017.

**SO ORDERED.**

Dated at New Haven, Connecticut this 28th day of November, 2017.

/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge